Filed 8/21/25  In re Delano M. CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re Delano M., a Person Coming Under the Juvenile Court Law. | D084760 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J243652) |
| v. | |
| DELANO M., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Delano M. appeals from the juvenile court's disposition order, committing him to the Youth Development Academy (YDA)/Secure Youth Treatment Facility (SYTF).

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has not been able to identify any

arguable issues for reversal on appeal. Counsel identifies one potential issue pursuant to *Anders v. California* (1967) 386 U.S. 738, 744–745 (*Anders*) and asks the court to review the record for error as mandated by *Wende.*

We offered Delano the opportunity to file his own brief on appeal, which he did. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2022, the juvenile court made a true finding that Delano, a minor, possessed a firearm in violation of Penal Code section 29610. A month later, while engaged in a physical altercation with Elaina C., his girlfriend (and mother of Delano's son), Delano ran over Elaina's grandfather with his car, breaking the bones in grandfather's legs. In September 2022, Delano admitted to one count of attempted murder and one count of inflicting corporal injury on Elaina. At that time the court ordered Delano's commitment to Healing Opportunities for Personal Empowerment (HOPE).

In the ensuing years, on multiple occasions, Delano violated stay-away orders by continuing to be in contact with Elaina and committed other offenses. He was alleged to have violated probation on multiple occasions, including by striking Elaina's father with a hammer, possession of a firearm, and for further domestic violence against Elaina. Upon the most recent probation violation hearing, in 2024 when he was 20 years old, Delano admitted to failing to remain law abiding, violating the stay away order, and violating conditions of home supervision.

At the contested disposition hearing on August 28, 2024, Delano's counsel requested that he be placed on home supervision with GPS monitoring, and to be released to the David's Harp Foundation. After hearing the testimony of the probation officer and the director and founder of David's Harp Foundation, as well as the arguments of counsel, the court

2

denied the request. It noted that Delano had been referred for probation violations eight times, including five times for domestic violence, as a result of "a lengthy, violent, toxic relationship with Elaina that has resulted in essentially an unbreakable pattern of conduct by Delano where he simply cannot or will not stay away [and] the result too often is someone gets hurt." The court referenced the seriousness of the injuries to Elaina's grandfather, and the multiple opportunities Delano was given while on probation. The court stated that on previous occasions, he had refrained from committing Delano to YDA: "I wanted Delano to succeed. I like him. He is a bright young man who could have an incredible future. . . . But he chose to be deceitful. He chose to violate the court's order. . . . I can't keep doing the same thing and expecting a different result."

The court ordered that Delano be committed to YDA/SYTF for a baseline term of three years.

Delano filed a timely notice of appeal.

DISCUSSION

As we have noted, appellate counsel filed a *Wende* brief, asking this court to independently review the record for error. To assist the court in its review, and in compliance with *Anders*, counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal:

> "Whether the juvenile court abused its discretion in committing appellant to YDA/SYTF because substantial evidence failed to establish less restrictive alternatives were not available and appellant's mental health needs would be met."

Delano has also filed a three-page supplemental brief on his own behalf. Delano argues that his current placement fails to address his rehabilitation needs because it limits his contacts with his children, fails to

provide adequate mental health services, and has inadequate vocational and educational programs. He contends that his needs and his rehabilitation efforts would be better served by the Transformation House run by the David's Harp Foundation.

We review the juvenile court's decision to commit a minor to a secure facility for abuse of discretion. (*In re Miguel C.* (2021) 69 Cal.App.5th 899, 908; *In re Tyrone O.* (1989) 209 Cal.App.3d 145, 151.) A trial court abuses its discretion if substantial evidence does not support the disposition order. (*In re Carlos J.* (2018) 22 Cal.App.5th 1, 5.)

In *In re Carl N.* (2008) 160 Cal.App.4th 423, 435, the appellate court concluded that the juvenile court did not abuse its discretion when it ordered the youth's commitment to a secure facility, concluding that previous failed rehabilitation attempts showed "a less restrictive placement alternative would be ineffective and inappropriate and would not adequately promote public safety or serve the societal interest in punishment and rehabilitation."

So too here.

Delano's supplemental brief does not demonstrate that the court abused its discretion. It does not address the substantial evidence that was before the court in support of its conclusion that prior efforts at his rehabilitation had been ineffective or that secure commitment was needed to promote public safety. Further, although Delano asserts that he had "previous success in similar settings," he does not explain why such success did not prevent him from reoffending.

In sum, we have reviewed the record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Delano on this appeal.

4

## DISPOSITION

The judgment is affirmed.


KELETY, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DATO, J.